IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2018 FEB 12 P 4: 47

RIGOBERTO VENTURA,

    Plaintiff,

v.

DIANE S. ROSENBERG, *et al.*,

    Defendants.

Case No.: GJH-17-3210

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case was opened upon receipt of pleadings entitled "Notice of Removal of State Court Proceeding to U.S. District Court with Constitutional Challenge" filed by self-represented Plaintiff Rigoberto Ventura on October 31, 2017. ECF No. 1. Ventura is the defendant in a state foreclosure action that was filed in the Circuit Court for Montgomery County, Maryland. *See Rosenberg, et al. v. Ventura, et al.*, Case No. 435983V (Mont. Co. Cir. Ct. 2017) (hereinafter, "Foreclosure Action").[1] Ventura seeks a stay of those proceedings and asserts that removal of the case is appropriate because it satisfies both diversity and federal question jurisdiction prerequisites.[2] State-court plaintiffs Diane S. Rosenberg, *et al.*, docketed as the Defendants in this action, filed a Motion to Remand on December 15, 2017. ECF No. 2. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, the case is remanded to the Circuit Court for Montgomery County.

---

[1] Although Mr. Ventura did not file all of the state court pleadings with the Court, a notice of removal was docketed in the state court case on October 31, 2017.
[2] Mr. Ventura neither paid the filing fee nor moved for its waiver. Because the case must be remanded, he will not be required to correct the deficiency.

1

I.  **DISCUSSION**

Removal of a case filed in state court is governed by 28 U.S.C. § 1441, which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.A. § 1446(b).

Review of the state court's electronic docket indicates that Ventura was served with the complaint for foreclosure proceedings on September 1, 2017. *See* Foreclosure Action, Docket No. 10 (Affidavit of Service as to Rigoberto Ventura). As indicated, Ventura filed his notice of removal pleadings in this Court on October 31, 2017, sixty days after he was served with the foreclosure complaint. Therefore, Ventura's notice of removal is untimely.[3]

Even if the removal notice was timely, the underlying case is not one subject to removal. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)) (emphasis in original). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party

---

[3] Ventura alleges that he "received this lawsuit on or about September 28, 2017." ECF No. 1 at 15. Even if true, Ventura's notice of removal is still untimely by one day.

asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). "Removal statutes . . . must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011); *see also Dixon v. Coberg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (doubts regarding propriety of removal to be resolved in favor of remanding case to state court).

While Ventura argues that subject matter jurisdiction is proper based on both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331, neither apply. Diversity jurisdiction does not exists in this case because all parties involved are Maryland residents. *See* 28 U.S.C. § 1332(a)(1) (diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). Ventura's argument that the "true real party in interest" is a German bank is without merit. *See* ECF No. 1 at 14.[4] "From the beginning of the diversity jurisdiction, the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989). Because Ventura does not dispute that the state-court plaintiffs are Maryland residents, federal diversity jurisdiction would not be established even if the purported German bank were added as a party.

There is also no basis for federal question jurisdiction. While Ventura cites Federal Rule of Civil Procedure 5.1 and states he is challenging the constitutionality of Maryland's foreclosure procedures, the argument is a counter-claim he may raise in the context of the Foreclosure

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Action and does not give rise to federal question jurisdiction for purposes of removal.[5] A defense or counter-claim against an otherwise purely state law claim, like foreclosure, that relies on a constitutional challenge of the underlying law does not convert the action into one implicating the Court's federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941) (the term "defendant" in 28 U.S.C. § 1441 does not include counter-defendants or third-party defendants)). Accordingly, the Court does not have subject matter jurisdiction over the Foreclosure Action.

## II. CONCLUSION

For the foregoing reasons, Defendants' Motion to Remand, ECF No. 2, is granted, and the case will be remanded to the Circuit Court for Montgomery County. A separate Order follows.

Dated: February /2, 2018

GEORGE J. HAZEL
United States District Judge

---

[5] To the extent that Ventura claims his Complaint may be litigated under 42 U.S.C. § 1983, ECF No. 1 at 14, the pleadings filed do not state a claim against a person acting under color of law to deprive him of his constitutional rights. Rather, the parties involved in the case are private parties, not state actors.

4